## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **DALLAS BUYERS CLUB, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 14 C 4927** |
| | ) | |
| **v.** | ) | **Judge Ronald A. Guzmán** |
| | ) | |
| **DOES 1-28,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff alleges that defendant Does 1-28 infringed its copyright in a motion picture by copying it from and distributing it on the internet in a "swarm" using a BitTorrent protocol. (Compl. ¶¶ 4-5.) Though plaintiff alleges that each defendant participated in the swarm at a different time between 1:04 a.m. on March 5, 2014 and 10:21 p.m. on March 6, 2014 (*id.*, Ex. C), it has joined all of them in this suit. Multiple defendants may be joined in one action if "any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all [of them] will arise in the action." Fed. R. Civ. P. 20(a)(2).

Whether multiple defendants can properly be joined to one suit based on their participation in a BitTorrent swarm is a subject of debate. *Compare, e.g., Malibu Media, LLC v. Reynolds*, No. 12 C 6672, 2013 WL 870618, at *13 (Mar. 7, 2013) ("[T]o join multiple anonymous defendants in a single suit for copyright infringement based on the alleged use of the BitTorrent protocol, a plaintiff must either (1) establish that the defendants were simultaneously present in the same swarm, or (2) show that they accessed the swarm in close temporal proximity (within hours of one another, not days or weeks) such that it can plausibly be inferred that the defendants may have

downloaded and uploaded content through the same series of transactions."), *with Malibu Media,*

*LLC v. John Does 1-6*, 291 F.R.D. 191, 203 (N.D. Ill. 2013) ("'[I]t is difficult to see how the sharing

and downloading activity alleged in the Complaint – a series of individuals connecting either

directly with each other or as part of a chain or "swarm" of connectivity designed to illegally copy

and share the exact same copyrighted file – could not constitute a "series of transactions or

occurrences" for purposes of Rule 20(a).'") (quoting *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239,

244 (S.D.N.Y. 2012). However, this Court agrees with those that have rejected swarm participation

as a basis for joinder.

Even if the requirements for joinder were satisfied, the Court would still exercise its

discretion to sever Does 2-28 from this suit. *See* Fed. R. Civ. P. 21 ("[T]he court may at any time,

on just terms, add or drop a party."); *see Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir.

2000) (stating that district courts have "broad discretion" to determine whether to sever). As the

Court in *Pacific Century International, Ltd v. Does 1-101*, aptly noted:

> The manageability difficulties, procedural inefficiencies, and likelihood that
> Defendants will assert myriad factual and legal defenses compel it to sever Does 2-
> 101 from this case. An internet based copyright infringement case with at least 101
> defendants would prove a logistical nightmare. It is likely that Defendants would
> assert different factual and legal defenses, and would identify different witnesses.
> Case management and trial of 101 such claims would be inefficient, chaotic, and
> expensive. Each Defendant's varying defenses would require the court to cope with
> separate discovery disputes and dispositive motions, and to hold separate trials, each
> based on different evidence. Joining Defendants to resolve what at least superficially
> appears to be a relatively straightforward case would in fact transform it into a
> cumbersome procedural albatross.

No. C-11-02533 (DMR), 2011 WL 5117424, at *3 (N.D. Cal. Oct. 27, 2011) (citations omitted); *see*

*Malibu Media*, 2013 WL 870618, at *15 ("[T]he individualized issues related to each Doe

defendant's defense would wash away any judicial economy that may have been achieved through

a plaintiff's mass-litigation strategy."). Thus, the Court severs Doe 1 from the remaining defendants and dismisses Does 2-28 from this suit without prejudice to plaintiff suing them individually.

**Motion for Early Discovery**

Plaintiff asks the Court for leave to issue a subpoena to defendant Doe's internet service provider ("ISP") before the Federal Rule of Civil Procedure 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."). Rule 26 does not set forth a standard for doing so, but courts in this circuit have generally granted such motions on a showing of "good cause." *See, e.g., Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012); *AF Holdings, LLC v. Doe*, No. 12-1398, 2012 WL 5928532, at *1 (C.D. Ill. Nov. 26, 2012). Good cause exists when "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Hard Drive Prods., Inc.*, 283 F.R.D. at 410 (quotation omitted). Such is the case here, as plaintiff cannot identify Doe without issuing a subpoena to Doe's ISP. (*See generally* Mem. Supp. Mot. Leave Take Discovery Prior Rule 26(f) Conference, Ex. A, Macek Decl.) Accordingly, the Court grants plaintiff's motion.

## Conclusion

For the reasons set forth above, the Court severs Doe 1 from the remaining defendants and dismisses Does 2-28 from this suit without prejudice to plaintiff suing them individually and grants plaintiff's motion to take early discovery [8].

**SO ORDERED.**                                   **ENTERED:  July 22, 2014**


_____
**HON. RONALD A. GUZMAN**
**United States District Judge**